# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM J. CARLISLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-1148 |
| ) | Judge Campbell/Knowles |
| J & S EXTRADITION SERVICE, LLC ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss. Docket No. 16. In its Motion, Defendant argues that this action must be dismissed because Plaintiff does not seek monetary damages. *Id.* Defendant further argues that, because Plaintiff does not seek monetary damages, this Court lacks diversity jurisdiction over this matter.[1] *Id.*

Plaintiff has not responded to Defendant's Motion.

Plaintiff, an inmate in the custody of the Texas Department of Correction, filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. §1983, alleging that Defendant's employees assaulted him during extradition transport. Docket No. 1. Plaintiff seeks the following relief: "charges to be brought on the man for assault harassment and terroristic threats." *Id.*

The Court does not have the power to direct that criminal charges be filed against anyone based on the allegations in the complaint. *Peek v. Mitchell,* 419 F.2d 575, 577-78 (6th Cir.1970).

---

[1] It seems reasonably clear, however, that the jurisdictional basis of Plaintiff's Complaint is not diversity.

1

The "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey,* 646 F.Supp. 1502, 1506 (W.D.Wis.1986); *see also United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Williams v. Luttrell,* 99 F. App'x. 705, 707 (6th Cir.2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown,* 11 F. App'x. 387, 388 (6th Cir.2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Because this Court cannot institute criminal charges in this matter, Plaintiff cannot receive the relief requested. Accordingly, he has failed to state a claim for which relief can be granted, and his claim should be dismissed.

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge